RECEIVED
IN LAKE CHARLES, LA
MAY 14 2014
TONY R. MO___, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TIMOTHY AARON DANGERFIELD | * | CIVIL ACTION NO. 2:12-CV-02537 |
| Plaintiff | * | SECTION P |
| V. | * | JUDGE MINALDI |
| CALCASIEU CORRECTION CENTER MEDICAL STAFF, ET AL. | * | MAGISTRATE JUDGE KAY |
| Defendants | * | |

**************************************************************************

## MEMORANDUM ORDER

For the reasons stated in the Report and Recommendation [Doc. 11] of the Magistrate Judge, as augmented and amended herein, after an independent review of the record, a *de novo* determination of the issues, and having determined that the findings are correct under applicable law,

**IT IS ORDERED** that the plaintiff's complaint be and hereby is **DISMISSED, WITH PREJUDICE**.

The court hereby incorporates by reference the Magistrate Judge's findings of fact and conclusions of law as set forth in the Report and Recommendation [Doc. 11], and writes today only to briefly address the matter raised in the plaintiff's Objections [Doc. 12] asserting that the plaintiff was a pretrial detainee, not a convicted prisoner, at the time of the incidents giving rise to this cause of action.[1]

The plaintiff's initial Complaint [Doc. 1] gave no indication that he was a pretrial detainee at the time of the alleged injuries and denial of timely medical treatment. As such, the

---

[1] *See* Objections [Doc. 12], at 3.

Magistrate Judge's opinion quite reasonably operated under the assumption that the plaintiff was a convicted prisoner.[2]

The Magistrate Judge correctly stated that in order to prevail on a claim for cruel and unusual punishment under the Eighth Amendment, "convicted prisoners must establish that the refusal or delay in providing medical care was 'sufficiently harmful to evidence deliberate indifference to serious medical needs.'"[3] Applying this standard, the Magistrate Judge found that the plaintiff's claims were insufficient to demonstrate that a constitutional violation had occurred.

Accepting the plaintiff's present allegations as true, the court writes today primarily to note only that the plaintiff's claim is to be assessed not under the Eighth Amendment's prohibition on cruel and unusual punishment but rather under the due process guarantees of the Fourteenth Amendment. *Ruffin v. Landry*, No. 6:10-cv-1440, 2011 U.S. Dist. LEXIS 53673, at *5 (W.D. La. Feb. 2, 2011), *adopted by* 2011 U.S. Dist. LEXIS 53662 (*citing Hare v. Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (additional citations omitted)). However, there is little difference between the two standards; "regardless of whether the inmate is a pretrial detainee or a convicted prisoner, the legal standard is the same for episodic acts or omissions of jail officials that expose an inmate to being harmed by another inmate." *Id.* at *7 (*citing Hamilton v. Lyons*, 74 F.3d 99, 104 n.3 (5th Cir. 1996); *Hare*, 74 F.3d at 650). "[T]here is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care." *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001) (*citing Hare*, 74 F.3d at 643). In either case, a "plaintiff must establish that the refusal or delay in providing medical care was 'sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Martin v.*

---

[2] *See* Report and Recommendation [Doc. 11], at 3-4.
[3] *Id.* at 4 (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

2

*Vernon Parish Sheriff's Office*, No. 09-1248-LC, 2010 U.S. Dist. LEXIS 91204, at *6-7 (W.D. La. Jun. 15, 2010), *adopted by* 2010 U.S. Dist. LEXIS 91228 (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The plaintiff has not met his burden in this regard.

The court agrees with the Magistrate Judge in that the plaintiff's allegations herein, accepted as true, do not rise to the level of a constitutional violation. Accordingly,

**IT IS ORDERED** that the plaintiff's complaint be and hereby is **DISMISSED, WITH PREJUDICE.**

Lake Charles, Louisiana, this 12 day of May, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE